An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF SUSANA RAGOS CHUNG, BAR NO. 8405

No. 62012

**FILED**

AUG 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

*ORDER OF DISBARMENT*

This is an automatic review, pursuant to SCR 105(3)(b), of a disciplinary board hearing panel's recommendation that attorney Susana Ragos Chung be disbarred from the practice of law in Nevada.

The complaints giving rise to this matter involved Chung's involvement with an insurance fraud scheme in California in which she worked as an attorney submitting fraudulent insurance claims for an organization that staged automobile accidents for profit. In May 2011, Chung pleaded no lo contendere to two felony counts of false and fraudulent claims against insurers pursuant to California Penal Code section 549. Chung was sentenced to five years formal probation with numerous conditions, ordered to pay fines and restitution, and to place herself on inactive status with the California State Bar. She failed to inform the Nevada State Bar of her felony convictions as required by SCR 111.

Upon being informed by the Alameda County District Attorney's office on May 18, 2011, of her felony convictions, this court temporarily suspended Chung from the practice of law and referred the matter to a disciplinary board to determine the extent of discipline to be

SUPREME COURT
OF
NEVADA

(O) 1947A

14-25240

imposed. *In re Discipline of Chung*, Docket No. 59442 (Order of Temporary Suspension and Referral to Disciplinary Board, November 17, 2011).

The disciplinary panel held its hearing on August 29, 2012. Chung had not responded to any of the State Bar's communications since it filed its original complaint in February 2012, but she did appear briefly in person at the hearing. After being informed that the panel would recommend disbarment, Chung stated she would stipulate to the recommendation. She then asked to be excused and left the State Bar building.

The panel entered its findings that Chung had worked with "cappers" who would orchestrate an automobile collision, send the cars to body shops that inflated the amount of damage, and send the "victims" to chiropractors who inflated the medical expenses. Chung participated as the attorney representing the purported "clients" and filed false claims with insurance companies, keeping a portion of the coverage payments for herself.

Based on the findings of fact, the panel concluded that Chung violated RPC 3.4(c) (fairness to opposing party and counsel: knowingly disobey an obligation under rules of tribunal), RPC 8.4(b) (misconduct: committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), and RPC 8.4(d) (misconduct: engaging in conduct that is prejudicial to the administration of justice). The panel also found aggravating factors pursuant to SCR 102.5: dishonest or selfish motive (SCR 102.5(b)), pattern of misconduct (SCR 102.5(c)), multiple offenses (SCR 102.5(d)), refusal to acknowledge the wrongful nature of the conduct (SCR 102.5(g)), substantial experience in

the practice of law (SCR 102.5(i)), and illegal conduct (SCR 102.5(k)). The panel found no mitigating factors.

Based on its findings and Chung's stipulation, the panel recommended that Chung be disbarred from the practice of law in Nevada, and that she be ordered to pay the costs of the disciplinary proceedings. SCR 120. Having reviewed the record, we approve the recommendation.

Accordingly, we hereby disbar Susana Ragos Chung from the practice of law. In addition, Chung must pay the costs of the disciplinary proceedings.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.     _____, J.
Pickering                                     Hardesty

_____, J.     _____, J.
Parraguirre                                 Douglas

_____, J.     _____, J.
Cherry                                        Saitta

cc:    Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
       David Clark, Bar Counsel
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Susana Ragos Chung
       Perry Thompson, Admissions Office, United States Supreme Court